IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

**THOMAS E. PEREZ**, Secretary of Labor, :
United States Department of Labor, :
 :
                Plaintiff, :
 : CIVIL ACTION
 :
v. : File No. 15-cv-4110
 :
**CARR FREIGHT SYSTEMS, INC.**, :
and **CARR FREIGHT SYSTEMS, INC.** :
**401(k) PLAN**, :
 :
                Defendants. :

---

## COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("the Secretary"), alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Carr Freight Systems, Inc. 401(k) Savings Plan ("the Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the District of Minnesota, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Eagan, Dakota County, Minnesota, within this district.

## DEFENDANTS

5. From at least January 1, 2001 through the present, Defendant Carr Freight Systems, Inc. ("Carr Freight") was the sponsor of the Plan, the Plan Administrator of the Plan, and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

6. The Plan is named as a Defendant in this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to assure that complete relief can be granted.

## ALLEGATIONS

7. Paragraphs 1 through 6 above are realleged and incorporated herein by reference.

8. Carr Freight, a Minnesota corporation, ceased operating in or about 2002. The company did not file for bankruptcy protection.

9. Carr Freight, as the Plan Administrator, was responsible for administering the Plan, including terminating the Plan and issuing distributions to Plan participants.

10. The current asset custodian for the Plan is Invesco Investment Services, Inc.

11. According to the valuation for the period ending March 31, 2013, the Plan had two participants and assets totaling approximately $1,723.38.

12. Defendant Carr Freight has not terminated the Plan or issued distributions to all of

the Plan's participants.

13.  No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets since Carr Freight ceased its operations in approximately 2002.

14.  Since Defendant Carr Freight failed to administer the Plan, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances. Further, participant inquiries have gone unanswered.

15.  By the facts described in paragraphs 7 through 14, above, Defendant Carr Freight:

a.  Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

b.  Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A.  Removing Defendant Carr Freight from its position as a fiduciary with respect to the Plan;

B.  Appointing an independent fiduciary to terminate the Plan consistent with the

Plan's governing documents, the Internal Revenue Code, and ERISA, distribute the Plan's assets to the participants and beneficiaries, and conclude any Plan-related matters connected with the proper termination of the Plan;

    C.    Awarding the Secretary the costs of this action; and

    D.    Ordering such further relief as is appropriate and just.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St, Rm. 844
Chicago, IL 60604
Telephone: (312) 353-7836
Facsimile: (312) 353-5698
E-mail Address: graeber.rachel@dol.gov

/s/ Rachel L. Graeber
**RACHEL L. GRAEBER**
Trial Attorney

Attorneys for **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor, Plaintiff